IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | | |
|---|---|---|
| KELLY YOUNG, <br> Plaintiff, | ) <br> ) <br> ) <br> ) | |
| v. | ) <br> ) | Civil No. 3:14cv600 (DJN) |
| WAWA INCORPORATED, <br> Defendant. | ) <br> ) <br> ) <br> ) | |

**MEMORANDUM OPINION**

This matter comes before the Court by consent pursuant to 28 U.S.C. § 636(c)(1) on Defendant's Motion for Summary Judgment (ECF No. 13). In resolving this case, the Court must determine whether a store negligently caused an invitee's injuries by breaching its duty in failing to warn the invitee of the danger posed by debris on the store's premises. Because the Court finds that Plaintiff has failed to establish that Defendant had actual or constructive knowledge of the alleged defect, the Court GRANTS Defendant's Motion (ECF No. 13).

I. FACTUAL BACKGROUND

Kelly Young ("Plaintiff") brings this negligence action against WaWa, Inc. ("Defendant"), alleging negligence related to Plaintiff's fall in the parking lot of Defendant's store on June 15, 2012. (Compl. (ECF No. 1-1) ¶¶ 6, 11-14.) The parties do not dispute the material facts of this case.[1]

---

[1] Pursuant to Local Rule 56(B), each brief in support of a motion for summary judgment must contain a section listing all undisputed material facts. E.D. Va. Loc. R. 56(B). Briefs in response to such motions must contain a section listing those facts "as to which it is contended that there exists a genuine issue necessary to be litigated." *Id.* In deciding a motion for summary judgment, "the Court may assume that facts identified by the moving party in its listing of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion." *Id.* Defendant's brief contained such a section of undisputed facts. (Def.'s Br. in

On June 15, 2012, Plaintiff slipped and fell in Defendant's parking lot. (Br. in Supp. of Pl.'s Resp. to the Mot. for Summ. J. ("Pl.'s Br.") (ECF No. 19) at 1; Def.'s Br. in Supp. of Mot. for Summ. J. ("Def.'s Br.") (ECF No. 14) at 1.) Plaintiff alleges that she slipped and fell on debris that had been present for a lengthy period of time and that Defendant knew or should have known about the danger posed by such debris. (Pl.'s Br. at 1-2.)

At the time of the incident, one of Defendant's on-duty employees, Tony Branch ("Branch"), prepared an incident report. (Aff. of Tony Branch ("Branch Aff.") (ECF No. 14-1) ¶¶ 2-3.) Plaintiff reported to Branch that Plaintiff slipped on a lemon wedge. (Branch Aff. ¶ 3.) At the time of the incident, Branch had no personal knowledge of a lemon wedge in the parking lot. (Branch Aff. ¶ 3.) In preparing the incident report, Branch spoke to other employees on duty at that time. (Branch Aff. ¶ 3.) To Branch's knowledge, no other employee knew anything about a lemon wedge in the parking lot at the time of the incident. (Branch Aff. ¶ 3.)

The manager of Defendant's store, Lynda Nazzaro ("Nazzaro"), was on duty that day as well. (Aff. of Lynda Nazzaro ("Nazzaro Aff.") (ECF No. 14-2) ¶¶ 1-2.) Nazzaro also had no knowledge of any lemon wedge in the parking lot at the time of the incident. (Nazzaro Aff. ¶ 3.) In investigating the incident, Nazzaro asked other employees regarding their knowledge of the presence of any lemon wedge in the parking lot. (Nazzaro Aff. ¶ 3.) Based on her conversations with those other employees, as far as Nazzaro knew, no other employee was aware of any lemon wedge in the parking lot before Plaintiff fell. (Nazzaro Aff. ¶ 3.) Further, at the time of the incident, Defendant neither sold full lemons or lemon wedges, nor offered lemon wedges as condiments for food or beverages. (Nazzaro Aff. ¶ 4.)

---

Supp. of Mot. for Summ. J. (ECF No. 14) at 1-2.) Citing to her complaint, Plaintiff responded by listing certain facts in dispute. (Br. in Supp. of Pl.'s Resp. to the Mot. for Summ. J. (ECF No. 19) at 1-2.) Where Plaintiff did not dispute such facts listed by Defendant, the Court accepts those facts as undisputed.

2

Defendant now moves for summary judgment, arguing that Plaintiff's claim fails as a matter of law, because no evidence exists that suggests that Defendant had actual or constructive knowledge of a dangerous condition — specifically, a lemon wedge — that allegedly caused Plaintiff's fall. (Def.'s Br. at 3-6.) Plaintiff, relying on her Complaint, counters that a genuine issue of material fact exists as to whether Defendant knew or should have known about the dangerous condition such that this Court should deny Defendant's Motion. (Pl.'s Br. at 1-2.)

## II. STANDARD OF REVIEW

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The relevant inquiry at the summary judgment stage analyzes "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). When reviewing a motion for summary judgment, the Court views the facts in the light most favorable to the nonmoving party. *Id.* at 255. The Court cannot weigh the evidence; it must simply determine whether a genuine issue exists for trial. *Greater Balt. Ctr. for Pregnancy Concerns v. Baltimore*, 721 F.3d 264, 283 (4th Cir. 2013) (quoting *Anderson*, 477 U.S. at 249).

Once the movant properly makes and supports a motion for summary judgment, the burden shifts to the opposing party to show that a genuine dispute of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the standard requires "that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 248. A genuine issue of material fact arises only when the evidence, viewed in the light most favorable to the nonmoving party, sufficiently allows a reasonable jury to return a verdict in that party's favor. *Id.*

To defeat an otherwise properly supported motion for summary judgment, the nonmoving party "must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, the mere existence of a scintilla of evidence, or the appearance of some metaphysical doubt concerning a material fact." *Lewis v. City of Va. Beach Sheriff's Office*, 409 F. Supp. 2d 696, 704 (E.D. Va. 2006) (citations omitted) (internal quotation marks omitted). "[A] party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248-49 (alteration in original) (internal quotation marks omitted). The Court must enter summary judgment against a party who, "after adequate time for discovery and upon motion, . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 322-23.

### III. DISCUSSION

The parties do not dispute that Plaintiff fell in the parking lot of Defendant's store on the date in question. They do dispute, however, whether Plaintiff has established a *prima facie* case for negligence. Specifically, the parties disagree as to whether Defendant had actual or constructive knowledge of the alleged defect.

A. *Prima Facie* Negligence Claim

A federal court exercising diversity jurisdiction applies the substantive law that the forum state would apply. *Erie R.R. v. Tompkins*, 304 U.S. 64, 78-79 (1938).[2] Virginia applies the substantive law of the place of the alleged harm. *See McMillan v. McMillan*, 219 Va. 1127, 1128, 253 S.E.2d 662, 663 (1979) (citing *Maryland v. Coard*, 175 Va. 571, 580-81, 9 S.E.2d 454, 458 (1940)) ("[T]he settled rule in Virginia is that the substantive rights of the parties in a multistate tort action governed by the law of the place of the wrong."). In this case, Plaintiff alleges that the harm occurred in Henrico County, Virginia. (Compl. ¶ 3.) Accordingly, the Court will apply the substantive law of Virginia.

In Virginia, to recover on a negligence claim, Plaintiff must establish that: (1) Defendant owed Plaintiff a duty, (2) Defendant breached that duty, and (3) this breach proximately caused Plaintiff to suffer damages. *Altrium Unit Owners Ass'n v. King*, 266 Va. 288, 293, 585 S.E. 2d 545, 548 (2003) (citing *Fox v. Custis*, 236 Va. 69, 73, 372 S.E.2d 373, 375 (1988); *Trimyer v. Norfolk Tallow Co.*, 192 Va. 776, 780, 66 S.E.2d 441, 443 (1951)). "[W]ell-established Virginia law requires storeowners to maintain reasonably safe facilities for their invitees' visits." *Fultz v. Delhaize Amer., Inc.*, 278 Va. 84, 88, 677 S.E.2d 272, 274 (2009). Though a storeowner is not an insurer of an invitee's safety while on the premises, *id.* at 89, 677 S.E.2d at 274 (citing *Knight v. Moore*, 179 Va. 139, 145, 18 S.E.2d 266, 269 (1942)), the storeowner "owes an invitee the duty of using ordinary care to maintain its premises in a reasonably safe condition and to warn . . . of any hidden dangers." *Volpe v. City of Lexington*, 281 Va. 630, 636, 708 S.E.2d 824, 827 (2011) (alteration in original) (quoting *Amos v. NationsBank, N.A.*, 256 Va. 344, 346, 504 S.E.2d 365, 366

---

[2] The Court exercises diversity jurisdiction in this matter pursuant to 28 U.S.C. § 1332, because the parties are diverse and the amount in controversy exceeds $75,000. Plaintiff is a citizen of Virginia while Defendant is a citizen of Pennsylvania and New Jersey. (Notice of Removal (ECF No. 1) ¶¶ 3-4.) Plaintiff seeks $500,000 in damages. (Notice of Removal ¶ 5.)

(1998)) (internal quotation marks omitted). To fulfill this duty, "a storeowner must give notice or warning of an unsafe condition which is known to him and is unknown to his invitee." *Fultz*, 278 Va. at 89, 677 S.E.2d at 274 (quoting *Knight*, 179 Va. at 146, 18 S.E.2d at 269) (internal quotation marks omitted). Therefore, the plaintiff in a premises liability case must also provide sufficient evidence that the defendant had actual or constructive knowledge of the defective condition and the danger that the condition created. *Hodge v. Wal-Mart Stores, Inc.*, 360 F.3d 446, 452 (4th Cir. 2004).

### B. Plaintiff Fails to Establish that Defendant Had Actual or Constructive Knowledge of the Alleged Defect.[3]

Defendant argues that it had neither actual nor constructive knowledge of the alleged defect. (Def.'s Br. at 3-6.) Further, Defendant asserts that Plaintiff fails to meet her burden of showing that any material fact remains in dispute, because Plaintiff merely relies on the allegations in her Complaint to contest Defendant's argument. (Def.'s Rebuttal Br. in Supp. of Mot. for Summ. J. (ECF No. 20) at 1-2.) Accordingly, Defendant argues that it did not breach its duty by failing to warn Plaintiff of the allegedly dangerous condition. Plaintiff, relying on her Complaint, argues that Defendants either knew or, because of the length of time that the alleged debris remained on the ground, should have known of the alleged defect, such that Defendant breached its duty to make the property reasonably safe. (Pl.'s Br. at 1.) Because Plaintiff alleges that Defendant knew or should have known of the alleged defect, Plaintiff asserts that a genuine issue of material fact exists such that the Court should deny Defendant's motion. (Pl.'s Br. at 2.)

"To recover against the owner, an injured invitee must show that the owner had knowledge, actual or constructive, that a defect existed and that such defect created an unsafe condition." *Roll*

---

[3] Although the parties do not specifically contest whether Defendant owed any duty to Plaintiff, their arguments make clear — and the Court assumes for the purpose of deciding Defendant's motion — that Defendant, as a storeowner, owed a duty to Plaintiff, as an invitee. Accordingly, the Court discusses whether Defendant breached such duty.

*'R' Way Rinks, Inc. v. Smith*, 218 Va. 321, 327, 237 S.E.2d 157, 161 (1977). Where the defendant lacks actual knowledge of the defect, a plaintiff can establish constructive knowledge by showing that the condition was noticeable and had existed for enough time to charge the store owner with notice of the hazardous condition. *Harrison v. The Kroger Co.*, 737 F. Supp. 2d 554, 558 (W.D. Va. 2010) (citing *Grim v. Rahe, Inc.*, 246 Va. 239, 242, 434 S.E.2d 888, 890 (1993)).

Though the amount of time considered sufficient to establish constructive knowledge may vary from case to case, "if the evidence fails to show *when* a defect occurred on the premises, the plaintiff has not made out a *prima facie* case." *Grim*, 246 Va. at 242, 434 S.E.2d at 890 (citing *Winn-Dixie Stores, Inc. v. Parker*, 240 Va. 180, 184, 396 S.E.2d 649, 651 (1990)). Virginia courts have repeatedly held that where there is no evidence indicating the length of time that a defective condition existed, a plaintiff has not established that the defendant had constructive knowledge. *See, e.g.*, *Winn-Dixie Stores, Inc.*, 240 Va. at 184, 396 S.E.2d at 651 (holding that plaintiff failed to make out *prima facie* case of negligence by failing to establish that defendant had actual or constructive knowledge of bean on floor); *Colonial Stores Inc. v. Pulley*, 203 Va. 535, 537-38, 125 S.E.2d 188, 190 (1962) ("There is no evidence in this case that the defendant knew of the presence of the bottle on the floor, nor is there any showing of the length of time it may have been there. It is just as logical to assume that it was placed upon the floor an instant before the plaintiff struck it as it is to infer that it had been there long enough that the defendant should, in the exercise of reasonable care, have known about it."). In a slip and fall case involving an empty soda bottle, the Virginia Supreme Court set aside a jury verdict for the plaintiff on the grounds that, "[t]here was no evidence from which the jury could determine how, when, or by whom the bottle was placed on the floor. The verdict, therefore, could have been reached only as the result of surmise, speculation and conjecture." *Colonial Stores Inc.*, 203 Va. at 538, 125 S.E.2d at 190.

Here, Defendant provided two sworn affidavits in support of its contention that Defendant had neither actual nor constructive knowledge of the alleged defect — the lemon wedge. Branch, the individual who completed the incident report, stated that neither he nor, to his knowledge, any other employee knew of the lemon wedge in the parking lot. (Branch Aff. ¶ 3.) Additionally, Defendant's manager who was on duty that day had no knowledge of the lemon wedge. (Nazzaro Aff. ¶ 3.) When Nazzaro spoke with other employees upon learning of the incident, none of the other employees reported knowledge of the lemon wedge. (Nazzaro Aff. ¶ 3.) Further, Defendant neither sold nor offered as a side any lemons or lemon wedges. (Nazzaro Aff. ¶ 4.)

In responding to Defendant, Plaintiff fails to identify a dispute of a material fact such that she may survive summary judgment. Citing only to her Complaint, Plaintiff responds to Defendant's assertions by simply stating that Defendant had actual or constructive knowledge of the alleged defect. (Pl.'s Br. at 1-2.) Plaintiff offers no evidence past her conclusory allegations to establish that Defendant had knowledge of the lemon wedge and fails to provide any basis from which to conclude when the lemon wedge appeared.[4] Without such evidence, the Court cannot infer that Defendant knew or should have known about the lemon wedge. *See Colonial Stores Inc.*, 203 Va. at 537-38, 125 S.E.2d at 190 ("There is no evidence in this case that the defendant knew of the presence of the bottle on the floor, nor is there any showing of the length of time it may have been there. It is just as logical to assume that it was placed upon the floor an instant before the plaintiff struck it as it is to infer that it had been there long enough that the defendant should, in the

---

[4] Plaintiff had the opportunity to participate in discovery and offer evidence opposing Defendant's motion, but she failed to do so. For example, on October 15, 2014, Defendant propounded interrogatories on Plaintiff regarding the factual basis for Defendant's knowledge of the alleged lemon wedge; however, as of the date of Defendant's filing for summary judgment, Plaintiff had failed to respond. (Def.'s Br. at 2.) Further, Plaintiff had the opportunity to testify at her deposition, but she failed to appear at the noticed date and time. (Dep. of Kelly Young (ECF No. 14-4) 4:4-13 (noting that counsel for Defendant and counsel for Plaintiff were present for deposition but Plaintiff was not).) Defendant listed both the failure to respond and failure to appear as undisputed facts, and Plaintiff responded to neither allegation.

8

exercise of reasonable care, have known about it."). By relying merely on her pleadings, Plaintiff has failed to make a showing sufficient to establish an essential element of her claim upon which she bears the burden at trial. *See Celotex Corp.*, 477 U.S. at 323 (noting that no genuine issue of material fact exists where there is complete lack of proof regarding essential element of nonmoving party's case); *Anderson*, 477 U.S. at 247-48 (noting that party opposing properly supported motion for summary judgment may not rely merely upon pleadings); *see also Lewis*, 409 F. Supp. 2d at 704 (noting that nonmovant must rely on more than "conclusory allegations" to defeat a motion for summary judgment). Therefore, Plaintiff fails to meet her burden in showing that a genuine dispute of material fact exists such that she may survive summary judgment. *See Matsushita Elec. Indus. Co.*, 475 U.S. at 586-87.

Because no dispute of material fact exists as to Defendant's lack of actual or constructive knowledge, Plaintiff fails to establish an essential element of her case. Therefore, the Court must enter summary judgment for Defendant.

## IV. CONCLUSION

For the reasons set forth above, the Court finds that Plaintiff has failed to establish an essential element of her *prima facie* case, namely that Defendant had actual or constructive knowledge of the allegedly dangerous condition. Therefore, the Court GRANTS Defendant's Motion for Summary Judgment (ECF No. 13). An appropriate Order shall issue.

It is so ORDERED.

/s/
David J. Novak
United States Magistrate Judge

Richmond, Virginia
Date: March 30, 2015